TORBERT, Chief Justice
(dissenting).
I can not agree that there is coverage under the policy terms that the majority opinion finds controlling.
Initially, the definition of “demonstrator-company auto” is inapplicable in resolving the question. As the majority points out, that definition does not appear in the garage operations and auto hazard “coverage part” of the insurance agreement that is at issue. The agreement clearly states that such a crossover of definitions is inappropriate:
“This entire document constitutes a multiple coverage insurance policy. Unless stated otherwise in a Coverage Part, each Coverage Part is made up of its provisions, plus those of the State Amendatory Part (if any), the General Conditions, and that portion of the declarations referring to the Coverage Part, including all endorsements made applicable to that Coverage Part. Each Coverage Part so constituted becomes a separate contract of insurance.”
Therefore, only the provisions in the “Auto Hazard” coverage part are applicable.
The majority erroneously seizes on the following emphasized language under the “who is an insured” provision in support of its conclusion that mere permission is sufficient to establish coverage:
“With respect to the AUTO HAZARD:
“1. YOU;
“2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;
“3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.” (Emphasis added.)
The problem with the majority’s analysis is that the emphasized language is a restriction or limitation on the people named in the preceding clauses. Unless Mr. Spencer was a partner, paid employee, director, stockholder, executive officer, a member of their household, or a member of Mr. Wiggins’s household, it does not matter if he was driving with Wiggins’s permission. Because Spencer is not in any of those categories, there is no coverage.
*149 Therefore, the trial court’s judgment is correct, and I would affirm.